**FILED**
U.S. District Court
District of Kansas

NOV 1 3 2018

Clerk, U.S. District Court
By_____QRK_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Nos.   18-cr-10065-EFM-01 |
| | ) |                  18-cr-10154-EFM-01 |
| Plaintiff, | ) |                  18-cr-10155-EFM-01 |
| | ) | |
| v. | ) | PETITION TO ENTER PLEA |
| | ) | OF GUILTY AND ORDER |
| TYLER RAI BARRISS, | ) | ENTERING PLEA |
| | ) | [Federal Rules of Criminal |
| Defendant. | ) | Procedure, Rules 10 and 11] |
| | ) | |

The defendant represents to the Court:

(1) My full true name is Tyler Rai Barriss. I am 26 years of age. I have gone to school up to and including the 10th grade. I request that all proceedings against me be in my true name.

(2) I am represented by a lawyer, whose name is:

Rich Federico, Assistant Federal Public Defender

(3) I received a copy of the Indictments[1] before being called upon to plead. I read the Indictment and have discussed it with my lawyer. I fully understand every charge made against me.

(4) I told my lawyer all the facts and circumstances known to me about the charges made against me in the Indictment. I believe that my lawyer is fully informed on all such matters.

(5) I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I committed the acts in connection with the charges made against me in in all three jurisdictions.

COUNT 1 – District of Kansas
18 U.S.C. § 1038
False Information and Hoaxes

---

[1] "Indictment" also includes "Information."

COUNT 2 – District of Kansas

18 U.S.C. § 2261A

Cyberstalking

COUNT 12 – District of Kansas

18 U.S.C. § 371

Conspiracy

COUNT 1 – District of Columbia

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 2 – District of Columbia

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 1 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 2 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 3 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 4 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

COUNT 5 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 6 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 7 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 8 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

## COUNT 9 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 10 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 11 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 12 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

## COUNT 13 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 14 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 15 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 16 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 17 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 18 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 19 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

COUNT 20 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

COUNT 21 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 22 – Central District of California</u>

18 U.S.C. § 875(c)

Interstate Threats

<u>COUNT 23 – Central District of California</u>

18 U.S.C. § 875(c)

Interstate Threats

<u>COUNT 24 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 25 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 26 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 27 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 28 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

<u>COUNT 29 – Central District of California</u>

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 30 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 31 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 32 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

COUNT 33 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 34 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 35 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 36 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 37 – Central District of California

18 U.S.C. § 1349

Attempt and Conspiracy

COUNT 38 – Central District of California

18 U.S.C. § 371

Conspiracy to Commit Offense or to Defraud the United States

COUNT 39 – Central District of California

18 U.S.C. § 371

Conspiracy to Commit Offense or to Defraud the United States

COUNT 40 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 41 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 42 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 43 – Central District of California

18 U.S.C. § 371

Conspiracy to Commit Offense or to Defraud the United States

COUNT 44 – Central District of California

18 U.S.C. § 844(e)

Threatening and Conveying False Information Concerning Use of an Explosive

COUNT 45 – Central District of California

18 U.S.C. § 875(c)

Interstate Threats

## COUNT 46 – Central District of California

### 18 U.S.C. § 875(c)

### Interstate Threats

(6) My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

(7) I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand; and if I do not take the witness stand, no inference of guilt may be drawn from such decision.

(8) I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury; and further, I realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

(9) I know that if I plead "GUILTY," the Court will ask me questions about the offense to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(10) My lawyer informed me that the plea of "GUILTY" could subject me to a sentence of imprisonment of not more than twenty-five (25) years nor less than twenty (20) years, to be followed by a term of supervised release for up to five (5) years, no fine, and a special assessment for every offense charged to which I enter a plea of guilty. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. §3663 and §3664 or as a condition of supervision, if such is ordered under 18 U.S.C. §3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(11) I understand that this plea is offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C), proposing a maximum sentence of a range of 20-25 years (240-300 months) imprisonment, a term of supervised release of 5 years, no fine, restitution in the amount of $5,000.00, the mandatory special assessment of $100.00 per count of conviction (a total of $5,100.00). I also understand that a term of my plea agreement includes that I must agree to provide

letters of apology to the Family of A.F., the Wichita Police Department and Sedgwick County Emergency Services, as agreed by both parties. I further understand that if the Court does not accept this binding plea agreement under subsection (c)(1)(C), then I may withdraw my plea and the parties are restored to the positions they maintained prior to entering into this plea agreement.

(12) I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment for each count.

The special monetary assessment is $100.00 for each felony count occurring after April 24, 1996. (Not less than $100.00 for a felony, $25.00 for a misdemeanor; if the defendant is other than an individual the assessment is not less than $400.00 for a felony and $100.00 for a misdemeanor). I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE.

(13) I understand that if my case involves drug trafficking or drug possession, the Court may deny or suspend my eligibility to receive federal benefits pursuant to 21 U.S.C. §862, except for those specifically exempted. I understand that if this is my second or subsequent conviction for possession of a controlled substance, the Court may order me to complete drug treatment or community service as specified in the sentence as a condition for reinstatement of benefits.

(14) I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

(15) I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

(16) If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed upon me in this case.

(17) I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as set forth in the plea agreement:

My attorney did discuss how the advisory Sentencing Guidelines may apply in my case.

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of

9

sentencing concerning my background, character, and conduct, provided the information is reliable. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range, the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of the responsibility for the offense, may have a specific effect on the sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty.

(18) I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. §3553. The report of the presentence investigation shall contain the factors set forth in Rule 32. These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentence available to the Court, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant and such other information required by the Court recognizing the factors set forth in paragraph (16) above.

(19) My plea of guilty is the result of my plea agreement entered into between the Government attorney, my attorney, and me. All terms of the agreement between the Government and me are set forth in the attached plea agreement.

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand the Court will not give me the opportunity to withdraw my plea of guilty, unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)( C).

(20) I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

(21) I know that the Court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am

innocent, I wish to plead "GUILTY" and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows.

| | | | |
|---|---|---|---|
| District of Kansas 18-cr-10065-EFM | Count 1 | 18 U.S.C. § 1038 | False Information and Hoaxes |
| | Count 2 | 18 U.S.C. § 2261A | Cyberstalking |
| | Count 12 | 18 U.S.C. § 371 | Conspiracy to Commit Offense |
| District of Columbia 18-cr-10155-EFM | Count 1 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 2 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Central District of California 18-cr-10154-EFM | Count 1 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 2 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 3 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 4 | 18 U.S.C. § 875(c) | Interstate Threats |
| | Count 5 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 6 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 7 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 8 | 18 U.S.C. § 875(c) | Interstate Threats |
| | Count 9 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 10 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 11 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |

| Count 12 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
|---|---|---|
| Count 13 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 14 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 15 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 16 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 17 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 18 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 19 | 18 U.S.C. § 875(c) | Interstate Threats |
| Count 20 | 18 U.S.C. § 875(c) | Interstate Threats |
| Count 21 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 22 | 18 U.S.C. § 875(c) | Interstate Threats |
| Count 23 | 18 U.S.C. § 875(c) | Interstate Threats |
| Count 24 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 25 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 26 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 27 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| Count 28 | 18 U.S.C. § 844(e) | Threatening and Conveying False |

| | | | |
|---|---|---|---|
| | | | Information Concerning Use of an Explosive |
| | Count 29 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 30 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 31 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 32 | 18 U.S.C. § 875(c) | Interstate Threats |
| | Count 33 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 34 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 35 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 36 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 37 | 18 U.S.C. § 1349 | Attempt and Conspiracy |
| | Count 38 | 18 U.S.C. § 371 | Conspiracy to Commit Offense |
| | Count 39 | 18 U.S.C. § 371 | Conspiracy to Commit Offense |
| | Count 40 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 41 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 42 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |
| | Count 43 | 18 U.S.C. § 371 | Conspiracy to Commit Offense |
| | Count 44 | 18 U.S.C. § 844(e) | Threatening and Conveying False Information Concerning Use of an Explosive |

|  | Count 45 | 18 U.S.C. § 875(c) | Interstate Threats |
|--|----------|--------------------|--------------------|
|  | Count 46 | 18 U.S.C. § 875(c) | Interstate Threats |

(22) My mind is clear, I am not under the influence of alcohol. I currently am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days is Zyprexa.

(23) I have never been confined in an institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician, or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense, or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

N/A

(24) I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictments and Information referenced in this petition, and in the certificate of my attorney which is attached to this petition.

(25) I waive the reading of the Indictments and Information in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (21) of this petition.

(26) I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this 13th day of November, 2018.

TB
Tyler Rai Barriss

Subscribed and Sworn to before me this 13th day of November, 2018.

Cindy McKee
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant, Tyler Rai Barriss, hereby certifies:

(1)     I have read and fully explained to the defendant the allegations contained in the Indictment in this case.

(2)     To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3)     I explained the maximum penalty for each count to the defendant.

(4)     The plea of "GUILTY" offered by the defendant in paragraph (21) accords with my understanding of the facts he related to me and is consistent with my advice to the defendant.

(5)     In my opinion, the defendant's waiver of reading of the Indictments and Information in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted.

(6)     In my opinion, the pleas of "GUILTY" offered by the defendant in paragraph (21) of the petition is voluntarily and understandingly made. I recommend that the Court accept the pleas of "GUILTY."

(7)     I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

I have discussed with my client the terms of his plea agreement and that it is entered into and presented to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C).

(8)     I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement. The terms of the agreement are set out in paragraph (11) of the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement and that if the Court rejects the agreement, the Court will not give him the opportunity to withdraw his plea of "GUILTY," unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)( C).

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 13th day of November, 2018.

Rich Federico, Assistant Federal Public Defender

## ORDER

I find that defendant's plea of guilty was made freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

Pursuant to Fed. R. Crim. P. 11, advisory U.S.S.G. 6B1.1, I provisionally accept defendant's guilty plea, but defer my decision whether to accept or reject the plea agreement pending my subsequent review of the presentence report to ensure that the plea agreement does not frustrate the sentencing objectives I am required by law to consider. Should I reject the plea agreement, then in that event and pursuant to the terms thereof, the defendant will be given an unfettered right to withdraw his plea.

Done in open court this 13th day of November, 2018.

_____
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE